IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | 1:09cv356HSO-JMR |
| | § | 1:08cr7HSO-JMR |
| PEDRO CRUZ-CARDENAS | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the Motion of Defendant, Pedro Cruz-Cardenas, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed June 11, 2009, pursuant to Title 28, United States Code, Section 2255 [26-1]. Defendant seeks to set aside his May 28, 2008, Judgment of Conviction for conspiracy to possess with intent to distribute a controlled substance. After consideration of Defendant's Motion, the pleadings, the record, and the relevant legal authorities, the Court finds that said Motion is barred by the applicable one-year statute of limitations and should be summarily dismissed pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("§ 2255 Rules")[1].

---

[1] The Court has the authority to summarily dismiss a § 2255 motion *sua sponte*, without ordering the Government to respond, pursuant to Rule 4(b) of the § 2255 Rules. *See U.S. v. Tarver,* 213 F.3d 635, 635 (5th Cir. 2000); *U.S. v. Sheid,* 248 Fed. App'x. 543, 544 (5th Cir. 2007).

I. FACTS AND PROCEDURAL HISTORY

On December 12, 2007, Pedro Cruz-Cardenas was named in a criminal complaint alleging conspiracy with intent to distribute cocaine hydrochloride. A grand jury returned an Indictment which was filed on January 8, 2008, charging conspiracy[2] and possession with intent to distribute a controlled substance.[3] In addition, the Indictment contained a forfeiture count.[4] On February 15, 2008, Defendant filed a Notice of Change of Plea, and on February 27, 2008, Defendant entered into a written plea agreement with the Government. Pursuant to the plea agreement, Defendant entered a plea of guilty to one count of possession with intent to distribute a controlled substance. On May 28, 2008, the Court sentenced Defendant to 100 months imprisonment for the possession offense. In addition, Defendant was sentenced to a five year term of supervised release and a mandatory special assessment. The Judgment of Conviction was executed and filed on May 28, 2008. Defendant did not appeal.[5]

Defendant filed his Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 11, 2009 [26-1]. In his Motion, Defendant claims he received ineffective assistance of counsel due to an asserted failure to file a suppression

---

[2] 21 U.S.C. § 846.

[3] 21 U.S.C. § 841(a)(1).

[4] 21 U.S.C. § 853.

[5] Pursuant to the written plea agreement, Defendant waived his right of appeal and his right to contest his conviction and sentence through post-conviction collateral attack. *See* Memorandum of Understanding, ¶ 12(a) and (b) at p. 4.

motion challenging an alleged improper search, and further based on the failure to appeal the Judgment of Conviction. *See* § 2255 Petition, ¶¶ 13, 15 at pp. 4-5.

## II. DISCUSSION

Title 28, United States Code, Section 2255 provides in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Court sentenced Defendant on May 28, 2008. His Judgment of Conviction was also signed and filed on May 28, 2008. Consequently, Defendant would have had until May 28, 2009, to file a § 2255 motion. Defendant's Motion was not received by the Clerk of Court until June 11, 2009.

The Fifth Circuit has held that the district court has discretion to invoke equitable tolling of the one-year statute on limitations set forth in § 2255. *See Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). However, equitable tolling should only apply in "rare and exceptional circumstances." *See Davis v. Johnson,* 158 F.3d 806, 810

(5th Cir. 1998); *Brooks v. Quarterman,* 202 Fed. App'x. 728 (5th Cir. 2006).

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999)(*quoting Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *See Fisher*, 174 F.3d at 714. Defendant does not allege, nor has he provided any evidence to establish, that the statute of limitations should be tolled.

### III. NEED FOR AN EVIDENTIARY HEARING

When, as here, a movant for relief under § 2255 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *See U.S. v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006); *U.S. v. Mire,* 244 F.3d 134, 134 (5th Cir. 2000); *U.S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, Defendant's claim in this case does not merit an evidentiary hearing.

### IV. CONCLUSION

It plainly appears from the face of Defendant's § 2255 Motion and the prior proceedings in the case that the Defendant's § 2255 Motion is barred by the one-year statute of limitations. Consequently, Defendant is not entitled to relief in the district court. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that the Motion of Defendant, Pedro Cruz-Cardenas, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed June 11, 2009 [26-1], should be and hereby is **SUMMARILY DISMISSED** pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("§ 2255 Rules").

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that all remaining pending motions should be and hereby are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 16th day of December, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE